# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CAROL BELLE,

                Plaintiff,

v.                                        Case No. 09-CV-13902

SUNBEAM PRODUCTS, INC.
d/b/a JARDEN CONSUMER SOLUTIONS,

                Defendant.
_____/

## ORDER DENYING PLAINTIFFS' APPLICATION FOR RELIEF FROM LOCAL COUNSEL OBLIGATION

Before the court is Plaintiffs' counsel's appearance and simultaneous "application"[1] seeking to avoid the necessity of specifying local counsel pursuant to Eastern District of Michigan Local Rule 83.20(f), which provides:

> Any member of the bar of this court who is not an active member of the State Bar of Michigan must not appear as attorney of record in any case without specifying on the record, as local counsel, a member of the bar of this court having an office within the district upon whom service of all papers may be made. Such local counsel must enter an appearance in the case and must have both the authority and responsibility for the conduct of the case should out-of-town counsel not respond to any order of the court for appearance or otherwise. On application, the court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel.

Plaintiffs' counsel maintains his office in Denver, Colorado, but avers that he has been a member of the bar of the Eastern District of Michigan since October, 2000. The

---

[1] Plaintiffs' application is not supported by a brief, as required for motions by Local Rule 7.1(c). Nor was there any notation of an attempt to seek concurrence, as required by Local Rule 7.1(a).

court can locate only one case filed in this District in which counsel has appeared, *Holwig et al v. Sunbeam Products, Incorporated*, 06-12017.  In that case counsel filed an identical appearance and application, *see* 06-12017, Dkt #5.  The docket shows no action on that application, and no local counsel was ever designated.  It appears that Plaintiff's counsel proceeded as though the application had been granted.

At its core, applications such as these presuppose that there is no real need for this District's local rule requiring local counsel.  The court doubts that such is the case.  Other Districts have adopted a variety of ways of addressing local versus remote counsel.  Some do not require membership in the District's bar, but permit *pro hac vice* practice if local counsel is in place; some do not ordinarily require local counsel, but leave the matter to the discretion of the assigned judge, and some either by silence or by specification do not require local counsel at all.

If the only purpose for requiring local counsel were to have "a member of the bar of this court having an office within the district upon whom service of all papers may be made," E. D. Mich LR 83.20(f), there would be no sense in maintaining this requirement alongside the recent requirement that all attorneys be electronic filers and thus able to receive such notices, etc., virtually instantly.  There are, however, other purposes.  Physical proximity and accessability for case preparation events (e.g., depositions) is one; ready availability to the court for conferences or hearings is another;[2] familiarity with the Local Rules and the local legal culture is yet another.  The ability of the court to

---

[2] Interestingly, shortly after counsel filed his appearance and application for relief from designating local counsel, he contacted the court seeking permission to participate only by phone in an upcoming conference because he practices at such a great distance from the court.

easily monitor and govern the behavior of its attorneys is not unimportant.

Local Rule 83.20(f) serves several important purposes, and given the circumstances presented here, the court does not find that a waiver of this requirement is appropriate. Accordingly,

IT IS ORDERED that Plaintiffs' "application for relief from local counsel obligation" [Dkt. # 7] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 9, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 9, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\09-13902.BELLE.83.20_f_relief_denied.wpd